## DAVIDSON *v.* OVERHULSER.

Cumulative evidence may be introduced by plaintiff for the purpose of rebutting defendant's testimony.

Where payment was to be made in sawing, and the payor gave notice of a readiness to do the work, but the payee neglected to deliver the logs to be sawed before the mill was carried away by a freshet; held that the destruction of the mill did not convert·this into a cash claim, unless the sawing was demanded and not furnished within a reasonable time.

ERROR *to Van Buren District Court.*

*Opinion by* KINNEY, J.   Suit brought before justice of the peace on account, and for damages for improperly cultivating a farm which the plaintiff had leased to the defendant.   Judgment for the plaintiff.   Defendant appealed. On the trial in the district court, it appears from the bill of exceptions, that the plaintiff, to establish the item of damages for bad cultivation of corn crop, introduced a witness to prove the number of times the corn was ploughed, who testified that he was through the field after the corn "was laid by," and found on examination, that one field had been ploughed but once, &c.   Similar testimony was given by other witnesses.   The plaintiff, after proving the damages by reason of the land not being cultivated in the manner required by the terms of the contract, rested his case.   The defendant then introduced witnesses whose testimony was in direct conflict with the testimony of the plaintiff, in relation to the cultivation of the corn.   These witnesses testified that the field of corn, mentioned by the plaintiff's witnesses, was ploughed twice and harrowed once, &c.

The defendant having rested, the plaintiff called another witness who had examined the fields, and requested him to state how many times they had been ploughed.   The defendant objected to this evidence, for the reason that it was but an accumulation of the same kind of evidence given by the plaintiff in the first instance   The plaintiff contended that

Davidson *v.* Overhulser.

it was only rebutting, as it went to show the testimony of the defendant to be untrue. The court sustained the objection and excluded the testimony, and this ruling is assigned—among others which we will hereafter notice—as error.

The testimony offered by the plaintiff was clearly of a rebutting character, and as such, was proper to go to the jury. By the testimony first introduced, he had proved all that was necessary to entitle him to recover. In the absence of any evidence tending to destroy or weaken the case thus made, the plaintiff was entitled to a verdict. His case was complete and perfect, without further testimony. Hence, there was no necessity in the first instance of introducing other witnesses. The plaintiff had used the number of witnesses allowed by the statute to establish a single point, and he could not be required to anticipate the defendant's defence by introducing more witnesses in confirmation of a particular fact, than the statute authorized. If the defendant's testimony had not been of such a character as to destroy or impair the testimony of plaintiff, it would have been improper for him to have called other witnesses in support of those first examined ; but as it was in direct conflict, it was proper either to impeach the witnesses directly, or to rebut by showing, as was attempted in this case, that what they testified to, was untrue. Therefore, we think the court erred in excluding the rebutting testimony offered by the plaintiff. The instructions of the court are also assigned for error. It appears that the defendant claimed as a set-off to the plaintiff's demand, an item for work done on a mill-dam. The plaintiff insisted that she was not liable to pay for it, for the reason that it was to be paid for in sawing at the mill, and that she gave notice of her readiness to do it. The mill, it seems, had been carried away by the high water. The court instructing upon this point say : " If when the mill was destroyed he, the defendant, was not in default, he was still entitled to the sawing, but as the sawing could not be done, it need not be called

for, but it becomes at once a money debt, as soon as the plaintiff lost the ability to pay in sawing." This was error. This item in the defendant's account, was to be discharged in sawing. The mill on which, no doubt, the plaintiff intended to perform the work was destroyed by a flood, which the plaintiff could neither prevent or control. Did this fact excuse the defendant from making the demand, and was his claim thereby converted into a cash debt? We cannot for a moment think that the legal duties and rights of the parties can be discharged and changed by any such result. The fact that the mill was destroyed might or might not take away the ability of the plaintiff to do the work by the time the defendant would furnish the logs and demand the sawing. It is not impossible but that the plaintiff might have rebuilt the mill and been fully qualified to discharge the indebtedness, according to the contract ; or before she would be willing that it should become a cash debt, she might have obtained the sawing at another mill, and returned the lumber where the sawing was to have been done, so that the defendant would not suffer the least inconvenience by reason of the sawing not being done on the mill destroyed. Be that as it may, the destruction of the mill would not excuse the defendant from making the demand which the law requires, or justify the court in presuming it was not in the ability of the plaintiff to furnish the sawing according to the contract. It appears that while the mill was standing, that the plaintiff had given notice to the defendants of her readiness to do the work. The defendant not having furnished the logs when it was in the power of the plaintiff to do the sawing, and the mill having been carried away by the act of God, we think after a demand made, the plaintiff should have such time as would be reasonable under all the circumstances, to do the sawing before the claim of the defendant would become a cash demand.

The instructions of the court on this point are, therefore,

erroneous, and the jugment is reversed, and a trial *de novo* awarded.

Judgment reversed.

*A. Hall*, for plaintiff in error.

*Geo. G. Wright*, for defendant.